UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN VINCENT HOWELL, | ) | 1:07-cv-01738 AWI WMW (HC) |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| R. SUBIA, Warden | ) | |
| | ) | [Doc. #17] |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Stanislaus County Superior Court. Petitioner has been committed to state prison for a term of fifteen years to life after being convicted of murder. (Answer at 2).

Petitioner filed an appeal in the California Court of Appeal and on January 25, 2002, the court affirmed Petitioner's conviction. (Id).

Petitioner filed a petition for review in the California Supreme Court which summarily denied the petition on April 10, 2002. (Id; Lodged Doc. 1).

**Petition for Habeas Corpus in Superior Court**

On August 30, 2002, Petitioner filed a petition for writ of habeas corpus in the Stanislaus

Superior Court.[1] (Answer at 2-4; Lodged Doc. 2).  On November 5, 2002 the petition was denied on the merits. (Lodged Doc. 3).  Petitioner then filed a motion for reconsideration which the court denied on February 18, 2003. (Response at 8).

**Petition for Habeas Corpus in the California Court of Appeal**

On April 10, 2003, 51 days after the Superior Court denied his motion for reconsideration, Petitioner filed a petition for habeas corpus with the Fifth District Court of Appeal.  (Lodged Doc. 4).  On June 12, 2003, the petition was denied because Petitioner did not include the November 5, 2002 order from the Superior Court denying that petition.. (Lodged Doc. 5).  On June 18, 2003, Petitioner filed a motion for reconsideration, this time including the November 5 order. (Response at 8).  The motion was denied on June 25, 2003, but the denial included specific instructions regarding the defects of the petition.  (Id).  On August 17, 2003, Petitioner filed a second petition with the Fifth District Court of Appeal that was denied on June 24, 2004. (Lodged Docs. 6, 7).

**Petition for Habeas Corpus in the California Supreme Court**

On March 15, 2006, Petitioner filed a petition for habeas corpus with the California Supreme Court. (Lodged Doc. 8).  On November 15, 2006, the court denied the Petition.  (Lodged Doc. 9).

**Petition for Habeas Corpus in Federal District Court**

On November 9, 2007, Petitioner filed the instant petition in Federal District Court in the Eastern District of California. (Doc. 1).  On April 16, 2008, Respondent filed a motion to dismiss claiming that the statute of limitations provided by the Antiterrorism and Effective Death Penalty Act ("ADPEA") had run prior to the filing of the petition. (Doc. 17).  Petitioner filed his opposition to the motion on September 15, 2008, to which Respondent filed a response on February 18, 2009. (Doc. 36).

**DISCUSSION**

**I.  Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

---

[1]August 30, 2002, was actually the date Petitioner signed the petition but the Court chooses to use this date as the filing date pursuant to the prison mail box rule.  *See* Jenkins v. Johnson, 330 F.3d 1146 n. 2 (9th Cir. 2003).

the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief."  See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

1  dismiss pursuant to its authority under Rule 4.

2  **III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**

3       The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed

4  after the date of its enactment.  Lindh v. Murphy, 521 U.S. at 117, S.Ct. at 2063; Jeffries v. Wood,

5  114 F.3d at 1499, 118 S.Ct. 586.  As noted above, the instant petition is subject to the requirements

6  laid out in the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking

7  to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

8  subdivision (d) reads:

9       (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
     corpus by a person in custody pursuant to the judgment of a State court.  The
10      limitation period shall run from the latest of –

11           (A) the date on which the judgment became final by the conclusion of direct
      review or the expiration of the time for seeking such review;

12
             (B) the date on which the impediment to filing an application created by
13   State action in violation of the Constitution or laws of the United States is removed, if
      the applicant was prevented from filing by such State action;

14
             (C) the date on which the constitutional right asserted was initially recognized by
15   the Supreme Court, if the right has been newly recognized by the Supreme Court and made
      retroactively applicable to cases on collateral review; or

16
             (D) the date on which the factual predicate of the claim or claims presented
17   could have been discovered through the exercise of due diligence.

18      (2) The time during which a properly filed application for State post-conviction or
      other collateral review with respect to the pertinent judgment or claim is pending shall
19      not be counted toward any period of limitation under this subsection.

20  28 U.S.C. § 2244(d).

21       In most cases, the limitations period begins running on the date that the petitioner's direct

22  review became final.  In this case, Petitioner's petition for review was denied by the California

23  Supreme Court on April 20, 2002. From that date, Petitioner had ninety days to seek an appeal

24  before the United States Supreme Court, which Petitioner did not do; therefore, on July 9, 2002,

25  Petitioner's conviction became final. The one year limitations period commenced the following day

26  and Petitioner had until July 10, 2003, in which to file his federal petition for writ of habeas corpus.

27  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). However, Petitioner did not file the

28  instant petition until November 19, 2007, more than five years beyond the limitations period.  Absent

1   any applicable tolling, the instant petition is barred by the statute of limitations.

2   **IV.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

3           Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

4   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

5   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

6   *Carey v. Saffold*, the Supreme Court held the statute of limitations is tolled where a petitioner is

7   properly pursuing post-conviction relief, and the period is tolled during the intervals between one

8   state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

9   state court system. Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183

10  F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d

11  1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court

12  petition and the filing of a subsequent petition at the next state appellate level"); Patterson v.

13  Stewart, 251 F.3d at 1247 (stating that the "AEDPA's one-year grace period is tolled during the

14  pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v.

15  Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the

16  same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval

17  between a motion for sentence modification in the state superior court and a habeas petition in the

18  superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

19          Furthermore, a petitioner can receive equitable tolling upon a showing that he diligently

20  pursued his claim but, due to "extraordinary circumstances," was prevented from filing the petition

21  in a timely manner. Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005) *see also* Calderon v. United States

22  Dist. Court, 127 F3d 782, 786 (9th Cir. 1997).  Three instances where equitable tolling might be

23  appropriate are cases of: 1) judicial actions or omissions, Pliler v. Ford, 124 S. Ct. 2441 (2004); 2)

24  government interference, *id* at 2448; Stillman v. LaMarque, 319 F.3d 1199, 1202-03 (9th Cir. 2003);

25  3) or where the petitioner did file a timely petition but the petition was dismissed due to a curable

26  defect and by the time it was dismissed, the statute of limitations had run.  Irwin v. Dep't of Veterans

27  Affairs, 498 U.S. 89, 96 (1990).

28  **A. The period between the final judgment and Petitioner's filing in Superior Court**

1    The statutory period commenced on July 10, 2002 but Petitioner did not file his first habeas

2    petition in superior court until August 30, 2002.  Because this time period when Petitioner was

3    constructing his first petition for habeas corpus does not fall within any of the tolling rules, the 51

4    days between when the judgment became final and when Petitioner filed his first petition were not

5    tolled.

6    **B. Superior Court**

7    Petitioner's Superior Court petition was denied on November 5, 2002.  Petitioner contends

8    that the court denied the petition before they received his "informal reply," which the clerk filed on

9    November 6, 2002.  (Response at 7-8).  Petitioner immediately requested that the court reconsider

10   his case on the merits.  (Id at 8).  According to Petitioner, he was in contact with the court trying to

11   sort out this mistake with his pleadings until January, 2003.  (Id).  On February 18, 2003, the

12   Superior Court once again denied the petition for the same reasons set forth in the November 5,

13   2002, denial.  The time that elapsed after the petition was denied the first time is arguably due to a

14   mistake made by the court in filing the pleadings.  Respondent does not dispute this idea and in  his

15   Reply to Opposition to Motion to Dismiss, Respondent concedes that Petitioner is entitled to interval

16   tolling for this entire period.  (Reply at 3).

17   **C. Court of Appeal**

18   Petitioner filed a timely petition but it was defective because he did not include the Superior

19   Court's November 5 order.  As stated above, a petition may receive equitable tolling where the

20   petitioner did file a timely petition but the petition was dismissed due to a curable defect, but by the

21   time it was dismissed, the statute of limitations had run. Petitioner attempted to cure the defect with

22   his motion for reconsideration but was once again denied relief due to defects in his filing.  For the

23   purpose of this document only, the Court assumes Petitioner was due equitable tolling between

24   February 18, 2003 (the date of the final Superior Court denial) and June 24, 2004 (the date the

25   second appellate petition was denied in the appellate court).

26   **D. California Supreme Court**

27   The petition was denied in the appellate court on June 24, 2004 and Petitioner waited until

28   March 15, 2006, to file his petition with the state supreme court.  As mentioned above, Title 28

U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408; Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id. The United States Supreme Court has not said exactly what a reasonable time is but it did indicate that 30 to 60 days was reasonable because that is the time frame that most states provide for filing an appeal, Carey v. Saffold, 536 U.S. at 219, and that six months is too long. Evans v. Chavis, 546 U.S. at 201 (2006) In this case, Petitioner allowed 629 days to lapse, which is an unreasonable amount of time by any standard.

Petitioner asserts that he is due equitable tolling during this time period because he was not provided adequate time in the prison law library. (Response at 35). Petitioner claims that, because he had to work approximately seven to eight hours a day, Monday thru Friday, he could not be at the library during normal operating hours. (Response Appendix B). Petitioner further asserts that prisoners in general are not allowed enough time in the prison law library due to overcrowding. (Response at 35). The Court does not find this to constitute an "extraordinary circumstance" warranting equitable tolling. Petitioner failed to demonstrate a causal connection between his limited library access and his failure to file his petition in a timely manner. *See* Gaston v. Palmer, 387 F.3d 1004, 1009 (9th Cir. 2004). First, Petitioner had been able to file all of his state court petitions in a timely manner. Second, by virtue of the fact that a federal habeas petition cannot raise any claims not exhausted in state court, one can assume that the issues in all of the previous petitions were virtually the same. This being the case, Petitioner has had his entire petition process, more than two years, to flush out these issues. Furthermore, the timely filing of a pro-se habeas petition does not require in depth legal argument on the part of the petitioner, the actual petition merely asks the petitioner to state those facts supporting his allegations. Petitioner knew the facts of his case regardless of his access to the law library; therefore, limited access could not render it impossible for

him to file a timely petition. Petitioner is not entitled to equitable tolling during the time between when his final appellate petition was denied and when his state supreme court petition was filed.

When the lengthy time period it took for Petitioner to file his state supreme court petition is added to the 51 days at the beginning of the limitations period, it is clear that the 365 day limitation ran out long before Petitioner filed his petition with the California Supreme Court.[2]

**CONCLUSION**

Even when the most contentious time periods are assumed to be in favor of Petitioner, it is clear that the one-year statutory period set forth in AEDPA had run long before Petition ever filed a habeas petition with the federal court.

**RECOMMENDATION**

Because it is plain from the facts stated in the petition that Petition is not entitled to relief, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:      March 13, 2009                              /s/  William M. Wunderlich

---

[2] Because the statutory period had already run, this Court will not analyze the 359 day period that passed between the petition's denial in the state supreme court and Petitioner's filing in Federal Court.

1                         UNITED STATES MAGISTRATE JUDGE