# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VINCENT HOWELL,<br><br>               Petitioner,<br>    v.<br><br>R. SUBIA, Warden,<br><br>               Respondent. | 1:07-CV-1738 AWI WMW HC<br><br>ORDER DENYING CERTIFICATE<br>OF APPEALABILITY |

      Petitioner Steven Vincent Howell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 12, 2010, the court granted Respondent's motion to dismiss and dismissed the petition  dismissed the petition for Petitioner's failure to comply with 28 U.S.C. § 2254(d)'s one year statute of limitations.   On March 13, 2010, Petitioner filed a notice of appeal.   While Petitioner has not specifically asked for a certificate of appealability, Petitioner's notice of appeal is deemed to constitute a request for a certificate.  See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
   (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
   (B) the final order in a proceeding under section 2255.
   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

    In this action, the court finds that reasonable jurists would not disagree with this court's finding that the petition was subject to dismissal.   Based on the evidence reasonable jurists would not disagree that a petition filed some five years after Petitioner's conviction became final is untimely.

    Accordingly, the court hereby ORDERS that no application for  a certificate of appealability is shall be issued.

IT IS SO ORDERED.

**Dated:   May 26, 2010**                    **/s/ Anthony W. Ishii**
                                   CHIEF UNITED STATES DISTRICT JUDGE

2